Shpetim NDREU, Petitioner,

v.

Alberto GONZALES, Attorney
General, Respondent.

No. 06–2921–ag.

United States Court of Appeals,
Second Circuit.

Jan. 12, 2007.

Saul C. Brown, New York, New York, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Lindsay L. Chichester, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Shpetim Ndreu, a native and citizen of Albania, seeks review of a June 1, 2006 order of the BIA affirming the January 20, 2005 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shpetim Ndreu*, No. A79 297 735 (B.I.A. June 1, 2006), *aff'g* No. A79 297 735 (Immig. Ct. N.Y. City Jan. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" or "affirm" the IJ's decision but its opinion closely tracks the IJ's reasoning, we may consider both opinions "for the sake of completeness," *see Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006), excluding any part of the IJ's decision that the BIA specifically rejected. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review legal questions and applications of law to fact *de novo*. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). We review the agency's factual findings under the substantial evidence

standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ We need not determine whether the IJ's adverse credibility finding was supported by substantial evidence because the agency properly found that Ndreu, even if found credible, failed to meet his burden of establishing his eligibility for asylum. The IJ found that Ndreu experienced past persecution as a result of his 32–year internment under the Communist Party. Both the IJ and BIA properly found, however, that the fall of Communism constituted a fundamental change in circumstances that rebutted any presumption of well-founded fear on that basis. 8 C.F.R. § 1208.13(b)(1); *Islami v. Gonzales*, 412 F.3d 391, 398 (2d Cir.2005). Moreover, the IJ did not abuse its discretion in declining to find this experience so "atrocious" as to warrant a grant of asylum, particularly in light of Ndreu's admissions that he was able to take advantage of new political and professional opportunities after 1990. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 184 (2d Cir.2006).

■ Accordingly, Ndreu had the burden of establishing a well-founded fear of future persecution, and the agency reasonably determined that he failed to meet that burden with the claim outlined in his first asylum application. The IJ accurately observed that Ndreu admitted he had limited involvement in the investigation, and that neither he nor anyone else involved in the investigation was ever actually harmed as a result of his role. While he may have been involved in two car accidents under circumstances that he found suspicious, the IJ reasonably rejected as implausible his theory that other individuals would put their lives at risk by getting into the car with him simply to induce him to quit his job. Moreover, the IJ reasonably considered that the possibility of future reprisals was further diminished considering that the case had been closed since 2000. For these reasons, the IJ properly concluded that Ndreu's fear of future harm based on the gold investigation was not objectively reasonable. His own admissions regarding the current political environment in Albania, combined with the recent State Department reports, further undermine his claim of persecution based on his Democratic Party membership alone.

We also note that because the BIA's discussion of these issues was substantially the same as the IJ's, we reject Ndreu's contention that the BIA made independent factual determinations outside of its authority under 8 C.F.R. § 1003.1(d)(3)(i), (iv).

■ Because Ndreu failed to meet his burden of proof on his asylum claim, he necessarily failed to meet the higher burden for withholding of removal. Because Ndreu does not meaningfully raise his CAT claim in his brief to this Court, that claim is waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

■ Finally, we reject Ndreu's due process claim. Because the BIA's decision was proper for the foregoing reasons and because the BIA reversed the IJ's finding that Ndreu filed a frivolous asylum application, thereby preventing the severe consequences attached to that finding, we conclude that Ndreu was not prejudiced by any potentially inappropriate conduct by the IJ during the hearing.

For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2), and Second Circuit Local Rule 34(d)(1).