Noreu v. Holder

BIA
A079 297 735

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of June, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

SHPETIM NOREU, AKA SHPETIM BAJRAM NDREU,

*Petitioner,*

v.                                        11-3608
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:        Nathan Weill, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Dawn S. Conrad, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shpetim Noreu, a native and citizen of Albania, seeks review of an August 15, 2011, order of the BIA denying his motion to reopen. *In re Shpetim Noreu a.k.a. Shpetim Bajram Ndreu*, No. A079 297 735 (B.I.A. Aug. 15, 2011). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)(per curiam). Aliens seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Noreu's February 2011 motion was untimely because he filed it more than four years after the BIA's 2006 final order of removal.

The BIA did not abuse its discretion in declining to equitably toll the time period for filing Noreu's motion to reopen based on his ineffective assistance of counsel claim.

To warrant equitable tolling, a movant must demonstrate that competent counsel would have acted otherwise and that he was prejudiced by counsel's ineffective assistance. *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). Even assuming that a movant demonstrates that prior counsel was ineffective and that he was prejudiced, the movant is required to demonstrate "due diligence" in pursuing his claim. *See id.* at 131; *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

The BIA did not err in determining that Noreu failed to demonstrate that his former counsel's representation had prejudiced him. In order to show that actual prejudice resulted from counsel's failure to pursue certain initiatives, the movant "must make a *prima facie* showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). Noreu asserts that he was prejudiced by his former counsel's failure to either notify him of prior decisions of this Court reprimanding the IJ who conducted his proceedings or argue that the IJ's inappropriate conduct may have infected the decision to deny him humanitarian asylum. Noreu's counsel, however, clearly raised such arguments on

3

appeal to the BIA and in his prior petition for review to this Court. Importantly, in a 2007 decision, we reviewed Noreu's assertion that the IJ's conduct demonstrated bias and found that any potentially inappropriate conduct by the IJ had not caused Noreu prejudice because the agency had reasonably concluded that he was not entitled to humanitarian asylum. *See Noreu v. Gonzales*, 212 F. App'x 55, 57 (2d Cir. 2007). That determination remains the law of the case. *See Johnson v. Holder*, 564 F.3d. 95, 99 (2d Cir. 2009). Moreover, the fact that we subsequently issued an unpublished decision discussing the IJ's inappropriate conduct in other cases does not alter our determination because we had previously rendered at least one precedential opinion discussing the IJ's inappropriate behavior. *See Mahamed Ayenul Islam v. Gonzales*, 469 F.3d 53, 55-57 (2d Cir. 2006). Therefore, the BIA did not err in concluding that Noreu failed to demonstrate that he was prejudiced by his former counsel's actions.

Further, the BIA did not abuse its discretion in finding that Noreu failed to demonstrate that he exercised due diligence in pursuing his ineffective assistance of counsel claim. A movant seeking equitable tolling based on

4

the ineffective assistance of counsel has the burden of demonstrating that he exercised due diligence during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid*, 533 F.3d at 132. As the BIA found, Noreu failed to demonstrate due diligence because he did not explain what actions he took to pursue his case in the four years between our 2007 decision denying his petition for review and the hiring of his current attorney in 2011. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk